GARY E. REBENSTORF
City Attorney
SHARON L. DICKGRAFE
Chief Deputy City Attorney
City Hall – 13th Floor
455 North Main
Wichita, Kansas 67202-1635
(316) 268-4681
FAX: (316) 268-4335

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

BRENDON C. FOX,                )
                               )
         Plaintiff,            )
                               )
vs.                            )   Case No. 12-CV-1271-CM-KMH
                               )
CITY OF WICHITA AND            )
OFFICER JARED HENRY,           )
                               )
         Defendants.           )
_____)

## ANSWER OF DEFENDANTS
## CITY OF WICHITA AND DEFENDANT, JARED HENRY

COMES NOW Defendants, City of Wichita and Jared Henry, by and through their Attorney, Sharon L. Dickgrafe, Chief Deputy City Attorney and for their Answer to Plaintiff's Complaint alleges and states as follows:

1. Defendant generally denies all statements and allegations contained in plaintiff's Complaint except as specifically admitted therein.

2. Defendants admit the allegations in paragraphs 1 and 2 of plaintiff's Complaint.

3. Defendants deny the allegations in paragraph 3.

4. In regards to the allegations contained in paragraph 4, of plaintiff's Complaint, it is admitted that plaintiff is an African-American male. Defendants are without sufficient information to admit or deny the remaining allegations and therefore deny the same.

5. In regard to the allegations contained in paragraph 5, it is admitted that plaintiff's vehicle was stopped on May 7, 2011 while it was being driven in Northeast Wichita for driving in a suspicious nature. The remaining allegations are denied.

6. In regard to the allegations in paragraph 6, it is admitted that plaintiff received a ticket for failure to signal a turn within 100 feet of a stop sign and for violation of vehicle registration requirements. Defendants admit that plaintiff refused to consent to the search of his vehicle. It is denied that the tickets were issued due to or as a result of his refusal to consent. Lastly, defendants admit that defendant Henry was advised that the vehicle plaintiff was driving was a rental car.

7. The allegations contained in paragraphs 7 and 8 of plaintiff's Complaint are expressly denied.

8. Defendants admit that at the time of the stop of plaintiff's vehicle, defendant Henry was acting as a law enforcement officer for the City of Wichita. The remaining allegations in paragraph 9 of plaintiffs Complaint are denied.

9. In regard to paragraph 10 of plaintiff's Complaint, defendant admits the Kansas Human Rights Commission made a probable cause finding that racial profiling occurred pursuant to K.S.A. _____. It is expressly denied that the KHRC determined that defendants violated Fox's constitutional rights. All remaining allegations are denied.

10. The allegations contained in paragraph 11 of plaintiff's Complaint are denied.

11. Defendants deny that any facts alleged properly plead any violation of plaintiff's constitutional rights.

12. Plaintiff's damages or injuries are not of the nature or extent alleged.

13. Defendants are entitled to qualified immunity from civil damage by operation of the Kansas and United States Constitutions.

14. Plaintiff's Complaint fails to allege a cause of action against either defendant.

15. Defendant did not deprive plaintiff of any constitutional rights, nor was §1983 or any other federal or state law claims violated with respect to the plaintiff.

16. To the extent plaintiff's Complaint states a cause of action for state law claims, defendant is entitled to immunity pursuant to K.S.A. 75-6104(c)(d)(e) and (n) of the Kansas Tort Claims Act.

17. Defendants reserve the right to amend their Answer to assert any additional defenses as may be disclosed in discovery or as otherwise may be necessary.

18. Plaintiff is not entitled to compensatory damages, attorney fees, court costs or any other type of legal or equitable relief.

WHEREFORE, these defendants pray that plaintiff take nothing by his Complaint and that defendant's have judgment for their costs.

## DESIGNATION OF PLACE OF TRIAL

COMES NOW, defendants and hereby designates Wichita, Kansas as the place of trial in this cause of action.

## JURY TRIAL DEMAND

Defendants respectfully request this matter be tried to a jury.

Respectfully submitted,

OFFICE OF THE CITY ATTORNEY
FOR THE CITY OF WICHITA

__s/Sharon L. Dickgrafe____
Sharon L. Dickgrafe, #14071
Chief Deputy City Attorney
455 N. Main, 13th Floor
Wichita, KS 67203
Telephone: (316) 268-4681
Fax: (316) 268-4335
Email: sdickgrafe@wichita.gov
Attorney for City of Wichita

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of December, 2012, I electronically filed a true and correct copy of the foregoing Answer of Defendants City of Wichita and Defendant, Jared Henry with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record, including:

>Randall K. Rathbun, Esq.
>Depew Gillen Rathbun & McInteer, LC
>8301 E. 21st St. N., Suite 450
>Wichita, KS 67206-2936
>E-Mail: randy@depewgillen.com

>　__s/Sharon L. Dickgrafe____
>　Sharon L. Dickgrafe, #14071