IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRENDON FOX, )
)
)
         Plaintiff, )
)
v. )
) Case No. 12-1271-CM
)
CITY OF WICHITA, KANSAS and )
JARED HENRY, )
)
         Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff Brendon C. Fox brings this civil rights action, alleging that defendants City of Wichita, Kansas, and Jared Henry—a Wichita police officer—violated his constitutional right to equal protection when Officer Henry stopped plaintiff's vehicle in an act of racial profiling. Defendants moved to dismiss the claims again them, arguing that: (1) the *Rooker-Feldman*[1] doctrine bars this action; (2) *Heck v. Humphrey*[2] mandates dismissal; (3) plaintiff fails to state a claim; and (4) there is no municipal liability in this case.[3] For the following reasons, the court denies defendants' motion.

I.    **Factual Background**

The following facts are taken from plaintiff's complaint and viewed in the light most favorable to plaintiff. Plaintiff, an African-American male, claims that Officer Henry stopped his car on May 7, 2011, allegedly for driving in a suspicious nature. Despite a lack of probable cause, Officer Henry

---

[1] *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923).
[2] 512 U.S. 477 (1994).
[3] Defendants make four other arguments, but they have been withdrawn or rendered moot by plaintiff's response. Plaintiff explained in his response that he is not bringing claims pursuant to 18 U.S.C. § 1981 or state law. The sole remaining claims, therefore, are § 1983 claims.

-1-

asked to search plaintiff's car. Plaintiff refused. As a result of plaintiff's refusal to consent, Officer Henry ticketed plaintiff for failing to signal within 100 feet of a stop sign and for violating vehicle registration requirements—even though Officer Henry was aware that plaintiff was driving a rental car.

Plaintiff alleges that he was stopped based on racial profiling and was ticketed because he complained about racial profiling. Eventually, a Municipal Court Judge found plaintiff guilty of failing to signal a turn within 100 feet, but not guilty of the illegal tag.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), abrogated the previous standard granting a 12(b)(6) motion to dismiss when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of its claims which would entitle it to relief." *See* 550 U.S. at 561 (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). *Twombly* set forth the new standard for pleadings, stating that although "heightened fact pleading of specifics" was not necessary, the pleadings should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

The pleading should include "more than labels, conclusions, and a formulaic recitation of the elements of a cause of action." *Ellis v. Isoray Med., Inc.*, No. 08-2101-CM, 2008 WL 3915097, at *1 (D. Kan. Aug. 22, 2008) (quoting *In re Motor Fuel Temperature Sales Practices Litig.*, 534 F. Supp. 2d 1214, 1216 (D. Kan. 2008)). Additionally, the court takes well-pleaded facts as true and resolves any reasonable inferences in the plaintiff's favor. *Id*. The court does not make a determination on whether the plaintiff will prevail; rather, the issue is whether the plaintiff is permitted to offer evidence to support his claims. *Id.*

### III. Discussion

#### a. *Rooker-Feldman*

The first question is whether the court has subject matter jurisdiction over part or all of the case based on the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). This doctrine "prohibits federal suits that amount to appeals of state-court judgments." *Bolden v. City of Topeka, Kan.*, 441 F.3d 1129, 1139 (10th Cir. 2006). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

The *Rooker-Feldman* doctrine does not operate to bar plaintiff's claims here. Plaintiff's equal protection claim does not equate to an appeal of his municipal conviction. He does not need to demonstrate his innocence to prevail. Rather, plaintiff must show a discriminatory effect and motivation. *United States v. Armstrong*, 517 U.S. 456, 465 (1996). The focus is on the traffic stop; not the conviction. Because plaintiff's conviction does not play a role in the analysis—and will not be impacted by the resolution of the case—the court determines that this action does not violate the *Rooker-Feldman* doctrine. *See Strickland v. Mahoning Twp.*, 647 F. Supp. 2d 422, 429 (M.D. Pa. 2009) ("To prevail on an equal protection claim in the racial-profiling context, plaintiff must establish that he is a member of a protected class and similarly situated to others not within the protected class who were not prosecuted. . . . Plaintiff does not need to establish that he was innocent of the underlying charge, or that the state court judgment was invalid to prevail.").

### b. *Heck v. Humphrey*

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff may not recover under § 1983 when the harm was "caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 486. Unless a plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he may not bring suit if success would challenge the validity of the state's judgment against him—regardless of whether that challenge is explicit or merely reasonably implied. *Id*. at 487.

Whether *Heck* applies in this case to bar plaintiff's claims is unclear. Defendants' argument on the issue is contained in three paragraphs and cites no case law other than *Heck* itself. Plaintiff's response likewise is contained in three paragraphs and cites one case in addition to *Heck*. The court has done substantial research on its own into the application of *Heck*, and believes that the question requires more attention and argument than the parties have allotted it.

The court declines to resolve whether *Heck* bars plaintiff's claims without further analysis and argument by the parties. At this time, defendants have not met their burden of showing that they are entitled to dismissal of plaintiff's claims. Defendants may raise this issue again if, after further research and analysis, they still believe that it merits consideration. The court is open to considering the issue on its merits if adequately briefed by the parties.

### c. *Failure to State a Claim*

In order to survive a Rule 12(b)(6) motion to dismiss a § 1983 claim, a plaintiff must allege "'(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of

-4-

Columbia.'" *Beedle v. Wilson*, 422 F.3d 1059, 1064 (10th Cir. 2005) (quotation omitted).  Plaintiff, an African-American male, alleges that Officer Henry asked to search his car without probable cause.  He alleges Officer Henry gave him a citation for violating vehicle registration requirements despite the car being a rental car.  And he alleges that racial profiling was the reason for the stop and citations.  These allegations are sufficient to survive defendants' motion to dismiss.

### d. *Municipal Liability*

Municipal entities such as defendant City are considered "persons" to whom § 1983 liability applies.  *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (citing *Monell v. N.Y. City Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978)).  A municipality may not be held liable under § 1983, however, using a theory of respondeat superior.  *Monell*, 436 U.S. at 694, 691.  To establish municipal liability under § 1983, plaintiff must show (1) the unconstitutional action is representative of an official municipal policy or custom, or is taken by an official with final policy-making authority; and (2) that there is "a direct causal link between the custom or policy and the violation alleged."  *Jenkins v. Wood*, 81 F.3d 988, 993–94 (10th Cir. 1996) (citations omitted); *see also Murrell v. Sch. Dist. No. 1, Denver, Colo.*, 186 F.3d 1238, 1249 (10th Cir. 1999) (citing *Randle v. City of Aurora*, 69 F.3d 441, 446–50 (10th Cir. 1995)).  The municipal policy must be a "'policy statement, ordinance, regulation, or decision officially adopted and promulgated'" to warrant liability.  *Christensen v. Park City Mun. Corp.*, 554 F.3d 1271, 1279 (10th Cir. 2009) (quoting *Monell*, 436 U.S. at 690)).  A municipal custom may exist when "the discriminatory practice is 'so permanent and well settled as to constitute a 'custom or usage' with the force of law.'"  *Murrell*, 186 F.3d at 1249 (quoting *Lankford*, 73 F.3d at 286).

Plaintiff alleges in his complaint, "At all times relevant to this action, defendant Henry was acting under color of state law as an official of the Wichita Police Department.  The illegal conduct of

the officer was a product of the City's failure to train as well as the City's custom and policy and the City is therefore liable."  (Doc. 1 at 3.)

Plaintiff's allegations against the City are woefully inadequate.  He does not explicitly allege a specific policy or custom on the part of the City.  Plaintiff cites another case from the District of Kansas in support of his position that his allegations are sufficient: *Taylor v. RED Dev., LLC*, No. 11-2178-JWL, 2011 WL 3880881, at *4 (D. Kan. Aug. 31, 2011) (denying a motion to dismiss and observing that details necessary to bolster the plaintiffs' claim were likely not yet available to the plaintiffs).  But in *Taylor*, Judge Lungstrum also observed that the plaintiffs did "more than simply allege that the individual officers' conduct conformed to official policy or practice," and instead "identified a specific practice to which the officers' conduct allegedly conformed").  That additional detail is missing from the complaint now before the court.  The allegations in this case lack specificity and are inadequate to survive the *Twombly* inquiry.  The court therefore dismisses the City of Wichita.

In the interests of justice, the court will grant plaintiff leave to amend his complaint to include additional details of his claims against the City of Wichita.  Without seeking further leave, plaintiff may file an amended complaint within fourteen days of the date of this order.  This limited invitation to amend, however, only applies to additional facts against the City of Wichita.  Plaintiff should not attempt to add other claims without seeking leave to amend.

**IT IS THEREFORE ORDERED** that defendants' Motion to Dismiss (Doc. 6) is denied in part and granted in part.  The court dismisses the municipal liability claims against the City of Wichita, but grants plaintiff fourteen days to amend his complaint to properly allege such claims.

Dated this 13th day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia_____
**CARLOS MURGUIA**
**United States District Judge**