**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

BRENDON FOX,

        Plaintiff,

v.

        Case No. 12-1271-CM

CITY OF WICHITA, KANSAS and
JARED HENRY,

        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Brendon C. Fox brings this civil rights action, alleging that defendants City of Wichita, Kansas, and Jared Henry—a Wichita police officer—violated his constitutional right to equal protection when Officer Henry stopped plaintiff's vehicle in an act of racial profiling.[1] For the second time, defendants move to dismiss the claims against them, arguing *Heck v. Humphrey*[2] mandates dismissal (Doc. 23). For the following reasons, the court denies defendants' motion.

The court previously recounted the facts alleged in plaintiff's original complaint. Although plaintiff has since filed an amended complaint, the facts relevant to this motion have not changed significantly. For convenience, the court recounts a brief summary here, viewed in the light most favorable to plaintiff:

> Plaintiff, an African-American male, claims that Officer Henry stopped his car on May 7, 2011, allegedly for driving in a suspicious nature. Despite a lack of probable cause, Officer Henry asked to search plaintiff's car. Plaintiff refused. As a result of plaintiff's refusal to consent, Officer Henry ticketed plaintiff for failing to signal within 100 feet of a stop sign and for violating vehicle registration requirements—even though Officer Henry was aware that plaintiff was driving a rental car.

---

[1] In plaintiff's brief in opposition to defendants' motion to dismiss, plaintiff asserts that he also brings a Fourth Amendment claim. (Doc. 29 at 10, 12, 15.) A Fourth Amendment claim, however, appears nowhere in plaintiff's amended complaint. The court does not consider claims mentioned in briefs but not properly raised in the complaint.
[2] 512 U.S. 477 (1994).

> Plaintiff alleges that he was stopped based on racial profiling and was ticketed because he complained about racial profiling. Eventually, a Municipal Court Judge found plaintiff guilty of failing to signal a turn within 100 feet, but not guilty of the illegal tag.

(Doc. 20 at 1–2.)

In *Heck v. Humphrey*, the United States Supreme Court held that a plaintiff may not recover under § 1983 when the harm was "caused by actions whose unlawfulness would render a conviction or sentence invalid." 512 U.S. at 486. Unless a plaintiff's conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," he may not bring suit if success would challenge the validity of the state's judgment against him—regardless of whether that challenge is explicit or merely reasonably implied. *Id*. at 487.

This language is broad and suggests that, if plaintiff's claim would challenge the validity of his conviction, *Heck* bars the claim. But the Tenth Circuit has held that "a petitioner who has no available remedy in habeas, through no lack of diligence on his part, is not barred by *Heck* from pursuing a § 1983 claim." *Cohen v. Longshore*, 621 F.3d 1311, 1317 (10th Cir. 2010); *see also Klen v. City of Loveland, Colo.*, 661 F.3d 498, 515–16 (10th Cir. 2011); *Morris v. Noe*, 672 F.3d 1185, 1194 n.2 (10th Cir. 2012). This ruling is based on the context of *Heck* and subsequent statements eventually joined by a majority of the Supreme Court Justices.

Here, plaintiff has no habeas recourse. The court therefore follows *Cohen* and determines that *Heck* does not bar plaintiff's Fourteenth Amendment claim.

**IT IS THEREFORE ORDERED** that Defendants City of Wichita's and Jared Henry's Motion to Dismiss Amended Complaint (Doc. 23) is denied.

Dated this 28th day of June, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**